1

2

3

4

5

6

7

8

9

10

11 **UNITED STATES DISTRICT COURT**

12 **EASTERN DISTRICT OF CALIFORNIA**

13 | YIGAL MESIKA, an individual,

Case No.: 2:21-cv-02262-KJM-JDP

14 *Plaintiff/Counter-Defendant*,

~~**[PROPOSED]**~~ **STIPULATED PROTECTIVE ORDER**

15 v.

16 MURPHY'S MAGIC SUPPLIES, INC.,
a California corporation; and DOES 1-10,
17 inclusive

18 *Defendants/Counterclaimants*.

19

20

21

1    **1.    PURPOSES AND LIMITATIONS**

2         Disclosure and discovery activity in this action are likely to involve production of

3    confidential, proprietary, or private information for which special protection from public

4    disclosure and from use for any purpose other than prosecuting this litigation may be

5    warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the

6    following Stipulated Protective Order. The parties acknowledge that this Order does not

7    confer blanket protections on all disclosures or responses to discovery and that the

8    protection it affords extends only to the limited information or items that are entitled, under

9    the applicable legal principles, to treatment as confidential. The parties further

10   acknowledge, as set forth below, that this Order does not entitle them to file confidential

11   information under seal; Eastern District of California Local Rule 141 sets forth the

12   procedures that must be followed and reflects the standards that will be applied when a

13   party seeks permission from the Court to file material under seal.

14   **2.    GOOD CAUSE STATEMENT**

15        This action is likely to involve customer and pricing lists and other valuable research,

16   development, commercial, financial, technical, and/or proprietary information for which

17   special protection from public disclosure and from use for any purpose other than

18   prosecution of this action is warranted. Such confidential and proprietary materials and

19   information consist of, among other things, confidential business or financial information,

20   information regarding confidential business practices, or other confidential research,

21   development, or commercial information (including information implicating privacy rights

of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 3.   **DEFINITIONS**

3.1     Action: this pending federal lawsuit (*Mesika v. Murphy's Magic Supplies*, No. 2:21-cv-02262-KJM-JDP (E.D. Cal.)).

3.2     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

3.3     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

3.4     Counsel: Outside Counsel of Record.

3.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

3.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not an employee of a Party, and (3) at the time of retention, is not anticipated to become an employee of a Party.

3.8     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

3.9     Outside Counsel of Record: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

3.10    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

3.11    Producing Party: a Party or Non-Party that produces Disclosure or Discovery

Material in this Action.

3.12  <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.13  <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.14  <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.15  <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. More specifically, the term HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall mean and presumptively include the Producing Party's trade secrets (under applicable law), commercial information (including, for example, business plans, business strategies, negotiations, and license agreements), financial information (including, for example, budgeting, account, sales figures and expenditures), business relationship information (including, for example, information pertaining to potential and/or existing customers, competitors, suppliers, distributors, affiliates, subsidiaries, and parents), and personnel information (including, for

example, compensation, evaluations and other employment information). Material designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY may be disclosed only to those individuals identified in paragraph 8.3 below.

**4.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**5.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**6.    DESIGNATING PROTECTED MATERIAL**

6.1    Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

6.2  <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 6.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the

Producing Party affix the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition, all

protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

6.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**7.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

7.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 251.

7.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**8.    ACCESS TO AND USE OF PROTECTED MATERIAL**

8.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party

may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party, as well as any individual named Party, to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached hereto as Exhibit A; and (2) they will not be permitted to keep any information or item designated "CONFIDENTIAL" unless they sign the

"Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(j) other persons only upon prior written consent of the Producing Party or upon order of the Court and on such conditions as are agreed to or ordered, provided such persons have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

8.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may only disclose information or items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to those categories set forth in §§ 8.2 (a), (c)-(g), (i) and (j).

8.4 Procedures for Approving or Objecting to Disclosure of Protected Material to Experts.

(a) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) sets forth the

full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding ten years, (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years, and (6) identifies any patents or patent applications in which the Expert is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest.

(b) A Party that makes a request and provides the information specified in the preceding paragraphs may disclose the subject Protected Material to the Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven (7) days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may raise the issue with the Court.

(d) In any such proceeding, the Party opposing disclosure to the Expert shall bear

1  the burden of proving that the risk of harm that the disclosure would entail (under the

2  safeguards proposed) outweighs the Receiving Party's need to disclose the Protected

3  Material to its Expert.

4  **9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

5  **OTHER LITIGATION**

6  If a Party is served with a subpoena or a court order issued in other litigation that

7  compels disclosure of any information or items designated in this Action as

8  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

9  that Party must:

10  (a) promptly notify in writing the Designating Party. Such notification shall include

11  a copy of the subpoena or court order;

12  (b) promptly notify in writing the party who caused the subpoena or order to issue

13  in the other litigation that some or all of the material covered by the subpoena or order is

14  subject to this Protective Order. Such notification shall include a copy of this Stipulated

15  Protective Order; and

16  (c) cooperate with respect to all reasonable procedures sought to be pursued by the

17  Designating Party whose Protected Material may be affected.

18  If the Designating Party timely seeks a protective order, the Party served with the

19  subpoena or court order shall not produce any information designated in this action as

20  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

21  before a determination by the Court from which the subpoena or order issued, unless the

Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**10.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(i) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(ii) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific

1    description of the information requested; and

2            (iii) make the information requested available for inspection by the Non-Party,

3    if requested.

4    (c)    If the Non-Party fails to seek a protective order from this Court within 14 days

5    of receiving the notice and accompanying information, the Receiving Party may produce

6    the Non-Party's confidential information responsive to the discovery request. If the Non-

7    Party timely seeks a protective order, the Receiving Party shall not produce any

8    information in its possession or control that is subject to the confidentiality agreement with

9    the Non-Party before a determination by the Court. Absent a court order to the contrary,

10    the Non-Party shall bear the burden and expense of seeking protection in this Court of its

11    Protected Material.

12    **11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIALS**

13            If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

14    Protected Material to any person or in any circumstance not authorized under this

15    Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the

16    Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all

17    unauthorized copies of the Protected Material, (c) inform the person or persons to whom

18    unauthorized disclosures were made of all the terms of this Order, and (d) request such

19    person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is

20    attached hereto as Exhibit A.

21

## 12.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work-product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the Court.

## 13.   MISCELLANEOUS

13.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3   Filing Protected Material. A Party that seeks to file under seal or redact any Protected Material must comply with Local Rules 141 (sealing) and 140 (redaction).

Protected Material may only be filed under seal or redacted pursuant to a court order authorizing the sealing or redaction of the specific Protected Material at issue. The Court will only consider requests to seal or redact filed by the proponent of sealing or redaction. If a Party plans to make a filing that includes material an opposing Party has identified as confidential and potentially subject to sealing, the filing Party shall provide the opposing Party with sufficient notice in advance of filing to allow for the seeking of an order of sealing or redaction from the Court. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the Protected Material in the public record unless otherwise instructed by the Court.

13.4    Export Control. No Protected Material may leave the territorial boundaries of the United States of America. Without limitation, this prohibition extends to Protected Material (including copies in physical and electronic form). The viewing of Protected Material through electronic means outside the territorial limits of the United States of America is similarly prohibited. This prohibition shall not apply to Outside Counsel of Record, who may view Protected Material outside the territorial limits of the United States to the extent necessary for the purposes of this Action. The restrictions contained within this paragraph may be amended through the express written consent of the Producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations. Nothing in this paragraph is intended to remove any obligation that may otherwise exist to produce documents currently located in a foreign country.

**14.**   **FINAL DISPOSITION**

After the final disposition of this action, as defined in paragraph 5, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**15.**   Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings, and/or monetary sanctions.

## 16.  **OTHER PROCEEDINGS**

By entering this Order and limiting the disclosure of information in this Action, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another Party's information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," pursuant to this Order shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.

Respectfully submitted,

Date: June 1, 2022            By:   /s/Mary Grace L. Jalandoni
                                    Trevor Q. Coddington
                                    Mary Grace L. Jalandoni
                                    Insigne PC
                                    5650 El Camino Real, Suite 130
                                    Carlsbad, CA 92008

                                    David M. Beckwith
                                    David M. Beckwith PC
                                    5514 Caballos Pl.
                                    San Diego, CA 92130

                                    *Attorneys for Defendant*
                                    MURPHY'S MAGIC SUPPLIES, INC.

Date: <u>June 1, 2022</u>              By:    <u>/s/Frederic M. Douglas</u>
                                             (as authorized on June 1, 2022)
                                             Frederic M. Douglas
                                             15333 Culver Dr., Suite 340
                                             Irvine, CA 92604

                                             *Attorney for Plaintiff*
                                             YIGAL MESIKA

<u>*Pursuant to Local Rule 131(e), the filer attests that the signatories concur in the filing's content and have authorized the filing.</u>

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS SO ORDERED.

Dated:   <u>  June 7, 2022  </u>        _____
                                             JEREMY D. PETERSON
                                             UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT A**

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YIGAL MESIKA, an individual, | Case No.: 2:21-cv-02262-KJM-JDP |
| *Plaintiff/Counter-Defendant*, | **ACKNOWLEDGEMENT AND** |
| v. | **AGREEMENT TO BE BOUND** |
| MURPHY'S MAGIC SUPPLIES, INC., a California corporation; and DOES 1-10, inclusive | |
| *Defendants/Counterclaimants*. | |

The undersigned hereby acknowledges that he or she has read the Stipulated Protective Order entered in the above-captioned matter, understands the terms thereof, and agrees to bound by each and every term of that Order. The undersigned understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY solely for the purposes of the above-captioned matter, and not to disclose any such designated materials to any other person or entity.

The undersigned acknowledges that violation of the Stipulated Protective Order may result in penalties for contempt of court.

Name:      _____
Job Title:  _____
Employer:  _____
Address:   _____

Date: _____          _____
                                                          Signature